**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*Walmart Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE FIRLEY, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | [District Court, Clark County, Case No.: A-22-855790-C, Dept. No.: 5] |
| WALMART INC., a Delaware corporation; and DOES I through X, inclusive, | **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL** |
| Defendants. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant WALMART, INC. ("Defendant") hereby files this Notice of Removal in the above referenced action from the Eighth Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

I.      **BACKGROUND**

1.  On July 22, 2022, Plaintiff MICHELLE FIRLEY ("Plaintiff"), filed her Complaint against Defendant and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-855790-C. A true and correct copy of Plaintiff's Complaint is

attached hereto as **Exhibit A**.

2. On September 12, 2022, Defendant was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit B**.

3. On August 19, 2022, Defendant filed its Answer. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

4. On September 8, 2022, Plaintiff filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $50,000.00. A true and correct copy of Plaintiff's Request for Exemption from Arbitration is attached hereto as **Exhibit D**.

5. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

6. Plaintiff's Complaint pleads three causes of action: 1) negligence/negligence per se and 2) premises liability. *See* Ex. A.

7. Plaintiff seeks judgment against Defendant for compensatory damages in excess of $15,000; interest from the time of service of the Complaint; costs of the suit and attorney's fees; and for such other and further relief as the court may deem appropriate. *See* Ex. A.

## II.    TIMELINESS OF REMOVAL

8. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

9. On September 12, 2022, Defendant, through its registered agent, was served with a copy of the Complaint.

10. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $15,000.00, which did not

put Defendant on notice that the amount in controversy was in excess of $75,000.00.

11. On September 8, 2022, Plaintiff filed a Request for Exemption from Arbitration, which indicated she's claiming, $37,336.00 in medical bills, not including future cost of treatment. *See* Ex. D.

12. Based on Plaintiff's Request for Exemption from Arbitration, it has become apparent that the amount in controversy exceeds $75,000.00, rendering the case eligible for removal.

13. Defendant is a foreign corporation, and Plaintiff is a resident of Nevada, which satisfies complete diversity of citizenship. *See* Ex. A.

14. Thus, this Notice of Removal is timely as there is complete diversity of citizenship and such Notice has been filed within thirty (30) days of Defendant receiving notice that the amount in controversy exceeds $75,000.00.

## III.   DIVERSITY JURISDICTION

15. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A.   Complete Diversity of Citizenship Exists

16.  For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled.  *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989).  For the purposes of diversity jurisdiction, an individual is domiciled in the

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship, for diversity purposes, is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

18. The Plaintiff in this action is domiciled in, and a resident of, Nevada. *See* Ex. A.

19. Defendant WALMART, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* Ex. A.

20. Because Plaintiff is a citizen of Nevada and Defendant is a citizen of Delaware and Arkansas, complete diversity of citizenship exists.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

21. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc.*, No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

22. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. The amount in controversy is not facially apparent from the damages alleged in Plaintiff's Complaint.

23. However, as discussed above, Plaintiff's Request for Exemption from Arbitration made it apparent that the amount in controversy in this matter exceeds $75,000.

24. Plaintiff's Request for Exemption from Arbitration indicates she's claiming, $37,336.00 in medical bills, not including future cost of treatment. *See* Ex. D.

**IV.    VENUE IS PROPER IN THIS DISTRICT AND DIVISION**

25. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

**V.      THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

26. A Notice of Filing, with a copy of this Petition of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

27. A written notice of the filing of this Petition of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

28. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit E.**

29. The allegations within this Petition of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

30. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 4th day of October, 2022.

ALVERSON TAYLOR & SANDERS

_____
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendant*
*Walmart Inc.*

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

## CERTIFICATE OF SERVICE VIA CM/ECF

I hereby certify that on this 4th day of October, 2022, I did serve, via Case Management/Electronic Case Filing, a copy of the above **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL** and foregoing addressed to:

Joshua L. Benson, Esq.
BENSON ALLRED INJURY LAW
6250 N. Durango Dr.
Las Vegas, NV 89149
Telephone: (702) 820-0000
Email: josh@bensonallred.com

Richard Harris, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 444-4444
kristina@richardharrislaw.com

/s/ *Deirdre Renfro*
An Employee of ALVERSON
TAYLOR & SANDERS

N:\CLIENTS\27900\27937\Pleadings\27937 Notice of Removal (Federal).docx

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KB-27937