# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Michelle Firley,

              Plaintiff

   v.

Walmart Inc.,

              Defendant

Case No.: 2:22-cv-01669-CDS-VCF

**Order Granting Motion to Remand**

[ECF No. 6]

       This personal injury action was removed from the Eighth Judicial District Court by defendant Walmart, Inc. under 28 U.S.C. §§ 1332, 1441, 1446. *See generally* Removal Pet., ECF No. 1. Plaintiff Michelle Firley moves to remand back to state court, arguing that Walmart has failed to demonstrate an amount in controversy greater than $75,000. *See generally* Remand Mot., ECF No. 6. Walmart responds in opposition, arguing that Firley's motion to remand was untimely and that the jurisdictional requirement of $75,000 is satisfied. Resp., ECF No. 8 at 4, 6. Because timeliness is irrelevant to subject-matter jurisdiction and defendants have not presented any evidence to support their assertion that the amount in controversy exceeds the jurisdictional threshold, I grant Firley's motion to remand.

## I.    Legal Framework

       "A motion to remand the case on the basis of any defect other than lack of subject[-] matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). A suit may be removed from state court to federal court only if the federal court would have had subject-matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). To establish subject-matter jurisdiction pursuant to diversity of citizenship under

§ 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See St. Paul*, 303 U.S. at 288–89; *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by the plaintiff, it becomes the defendant's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (internal quotations and citations omitted). Evidence establishing the amount in controversy is required where a defendant's assertion of the amount in controversy is contested by plaintiffs. *Dart Cherokee*, 574 U.S. at 88. "In such a case, **both sides** submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added).

As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

**II.    Analysis**

Firley asserts that "this court lacks diversity jurisdiction over this matter." ECF No. 6 at 1. Walmart argues Firley's motion to remand should be denied because it was filed four days after the thirty-day statutory period prescribed by U.S.C. § 1447(c) and because the amount in controversy is greater than $75,000. ECF No. 8 at 4. Walmart's opposition due to the motion's timeliness is wholly unconvincing. As cited in their brief, 28 U.S.C. 1447(c) permits motions to remand on the basis of subject-matter jurisdiction to be filed at any point before final judgment.

Diversity jurisdiction is a flavor of subject-matter jurisdiction. Subject-matter jurisdiction under the diversity jurisdiction statute requires complete diversity among the parties, and that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The burden of establishing that diversity jurisdiction exists, and that an action is removable, rests at all times with the proponent of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). By statute, "[a] motion to remand the case on the basis of any defect *other than* lack of subject[-]matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). The phrase "other than" works to exclude motions to remand on the basis of subject-matter jurisdiction from the thirty-day time limit. This is because subject-matter jurisdiction "can never be forfeited or waived" and federal courts have a continuing "independent obligation to

determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Firley's motion to remand is based on this court lacking subject-matter jurisdiction; a motion to remand on such a basis is *always* timely.

Second, Firley contends that Walmart has not and cannot prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold requirement. "The sum claimed by the plaintiff controls if the claim is apparently made in good faith," *St. Paul*, 303 U.S. at 289, so I first look to the complaint to evaluate Firley's argument.

In the conclusion of the complaint, Firley prays for (1) compensatory damages in excess of $15,000, (2) interest from the time of service of the complaint, (3) costs of suit and attorney fees, and (4) other and further relief as the court may deem appropriate. ECF No. 8-1 at 5. The generic prayer for relief stating, "in a sum excess of $15,000," together with the other information set forth in the complaint makes it facially unclear if the amount in controversy is greater than $75,000. If the amount in controversy is not clear on the face of the complaint, a defendant must submit "summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." *See Valdez*, 372 F.3d at 1117 (noting that in determining the amount in controversy, courts examine not only the facts alleged in the complaint—which are assumed true for purposes of calculating the amount in controversy—but also "summary judgment type evidence relevant to the amount in controversy at the time of removal"). Given that, Walmart should have "prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Matheson*, 319 F.3d at 1090; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). It did not.

Walmart argues that it met its burden to demonstrate satisfaction of the $75,000 jurisdictional threshold by producing a document plaintiff filed in state court purporting to demonstrate the potential value of the case was greater than $50,000. *See* ECF No. 8 at 6 ("Plaintiff's Request for Exemption from Arbitration was granted, indicating the case's projected value is in excess of $50,000."). It contends that, because plaintiff filed a state court document

indicating that the potential value of the case is over $50,000 and thus exempt from mandatory arbitration, the potential value of the case should be added to the individual elements comprising that value (namely, $37,336 in past medical damages). *Id.*; *see also* ECF No. 8-3 at 2 (calculating the projection as exceeding $50,000 by summing the $37,336 in damages together with projected future costs of treatment). Walmart's argument is nonsensical. First, plaintiff's request for exemption from arbitration itself has already incorporated the $37,336 in damages into plaintiff's prayer for relief—adding $50,000 to the $37,336 would count plaintiff's past damages twice in the amount-in-controversy calculation. Second, a plaintiff's statement that a case has a potential jury award value in excess of $50,000 does not come close to "prov[ing], by a preponderance of the evidence, that the amount in controversy [meets] the jurisdictional threshold." *Matheson*, 319 F.3d at 1090. The jurisdictional threshold is $75,000; there are almost twenty-five thousand potential reasons why the amount in controversy could be greater than $50,000 but less than $75,000. And finally, conclusory allegations (*i.e.*, defendant's statement that "the cost of continuing treatment and future treatment" could potentially fill the $37,664 gap between what defendants have demonstrated and the $75,000 jurisdictional threshold) as to the amount in controversy are insufficient to satisfy amount in controversy requirement for diversity jurisdiction. *Id.* at 1090–91. Walmart has not carried the heavy burden of establishing that removal is proper in this action. I thus grant Firley's motion to remand to state court.

### III.    Conclusion

IT IS HEREBY ORDERED that plaintiff's **Motion to Remand [ECF No. 6] is GRANTED**.

The Clerk of Court is directed to REMAND this case to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-855790-C, Department 5, and CLOSE THIS CASE.

DATED: January 4, 2023

_____
Cristina D. Silva
United States District Judge